**Lucien LOUIS, et al., Plaintiffs,**

v.

**Alan C. NELSON, et al., Defendants.**

**No. 81–1260–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

April 14, 1983.

Ira Kurzban, Miami, Fla., for plaintiffs.

Leon Kellner, Asst. U.S. Atty., Miami, Fla., Robert L. Bombaugh, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER ON SECONDARY MIGRATION

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on consideration of proposed modification # 2 contained in the Report of the Court's Committee. The Committee has proposed that paragraph 5.G. of this Court's Final Judgment be modified to restrict the migration of class members from the place of their original parole to a secondary locale. The Committee recommends that secondary migration be allowed in specific instances depending upon the facts of each class member's situation. The Committee suggests that the determination of whether or not to permit a class member to secondarily migrate should be left to the discretion of the Voluntary Agency responsible for assisting the class member in settling in the community.

The Court's primary concern is to ensure compliance with the reporting procedure and to remove any obstacles to the implementation and smooth functioning of the pro bono program established pursuant to the Court's Final Judgment. The general feeling expressed at the hearing held to evaluate the progress of the programs was that there was a high rate of compliance with the reporting procedures. The pro bono program coordinators from various parts of the country indicated that within the near future all of the class members would be provided with counsel.

Although there has been no evidence presented to indicate that class members have secondarily migrated for the purpose of frustrating the hearing process or the pro bono and reporting programs, such migrations interfere with the work of the Immigration authorities responsible for monitoring compliance with the reporting procedure and for scheduling hearings.

Such migrations may also hamper the efforts of the pro bono coordinators who have expended a significant amount of time and expense to match the class member with their respective attorneys. The waste

of time and expense is particularly exemplified by cases where a class member is granted a change of venue after pro bono counsel has been appointed and prepared for hearing.

It is the Court's view that the issue of secondary migration must be approached with a dual purpose in mind. First, is the issue pertaining to hearings before the Immigration and Naturalization Judges. Second, is the continuity necessary for the continued success of the reporting procedure through the voluntary agencies and the individual sponsors.

■ As to the first of these determinations, the decision should be within the discretion of the Immigration Judge by way of the granting or denial of motions for change of venue as would occur in any case. The spirit and intent of this Court's pro bono program has been to afford counsel to the aliens in the locale in which he or she has been settled by the voluntary agencies and where the individual sponsor has been secured. The Court implemented this program after it had been suggested by the Attorney General of the United States with the full knowledge and realization that the law does not require counsel to be appointed and that there does not exist the constitutional right to counsel which is traditional in criminal cases. It is the Court's conclusion that the luxury of having pro bono counsel appointed under the Court's program cannot apply a second time once pro bono counsel has been appointed and the alien seeks and successfully obtains an order granting a motion for change of venue. Under such circumstances, if the alien is successful in the change of venue, he must be prepared within a reasonable period of time thereafter to proceed to hearing with or without counsel and the responsibility of securing such counsel shall be the alien's. It, of course, follows that in the event a motion for change of venue is denied by the Immigration Judge that the cause will proceed to hearing and it will be the responsibility of the alien to be and appear when required.

■ The second aspect of secondary migration has to do with the responsibility of the alien to the voluntary agencies and the individual sponsors to continue to respond and report and to do so through an individual sponsor. In this regard, it should be noted that the individual sponsor required under this Court's Final Judgment does not contemplate an individual who resides hundreds of miles from the alien, but contemplates one who has personal contact with the alien and who, together with the voluntary agencies, can from time to time assist the alien regarding problems normal and customary. In that regard, it is incumbent upon the alien in any secondary migration to keep the voluntary agency apprised of the desire of the alien to migrate and for the necessary arrangement to be made by the voluntary agencies so that this Court's Final Judgment regarding reporting can be fully carried out. Any breakdown in those procedures must be placed at the feet of the alien and can result in the revocation of parole for failure to comply.

■ Based upon the above and foregoing, it is

ORDERED AND ADJUDGED as follows:

1. That the determination of venue or change of venue shall be dealt with and ruled upon as to each member of the class by the Immigration Judge to whom said alien case is assigned in the same manner and based upon the same standard as would apply to any alien similarly situated.

2. The granting of a motion for change of venue shall have the following effect insofar as this Court's Final Judgment and subsequent Orders entered thereon:

A. The injunction previously entered by this Court which prohibits the holding of hearings for class members not represented by counsel, pro bono or otherwise, is automatically dissolved sixty (60) days from the entry of the order granting the motion for change of venue.

B. That it shall be the sole responsibility of the alien seeking and obtaining the change of venue to secure counsel at his or

her own expense to be prepared to go forward with any hearing to be conducted on or after the date this Court's injunction is dissolved and any effort on the part of third parties to secure pro bono counsel or otherwise for the alien subsequent to the change of venue will be gratuitous and in no way an impediment to hearings going forward thereafter.

C. That it is not the intent of this Order that a hearing must be conducted on the 60th day after the order granting the motion for change of venue but that the notice and scheduling of such hearing afford a reasonable period of time to the alien to secure counsel.

D. That upon the granting of the motion for change of venue as pertains to that particular alien the following provisions of this Court's Final Judgment are declared to be null and void: Section F(1), (2), (3), (4) and (5).

3. It shall be the sole responsibility of any member of the class who decides to engage in secondary migration, that is, to move their residence from the locale to which they were originally assigned by the voluntary agencies with the assignment of individual sponsors to another location to contact and notify the voluntary agencies of their desire to do so and for the voluntary agencies to be assured of their ability to secure substitute individual sponsors for such aliens in the locale to which they desire to migrate to; and it shall be the continued responsibility of the voluntary agencies and the original individual sponsors to whom the aliens were assigned to continue to maintain their responsibility to this Court pursuant to its Final Judgment, to secure a substitute individual sponsor, if one can be obtained, or in the alternative, to notify the alien of its inability to do so and to report this fact in the normal reporting procedures heretofore set up by the Court in the Final Judgment. It is not the Court's intent to prevent secondary migration when it is necessary and essential that it occur particularly where such migration would serve to prevent the alien from being required to apply for and secure public assistance. However, it is likewise not the Court's intent to allow unrestricted movement of such aliens and to the extent that such movement occurs, it is the Court's intent that this Court's Final Judgment pertaining to reporting and individual sponsorship be maintained in full force and effect. The alternative is that the alien would be required to give up the precious right afforded to him by parole, i.e., his freedom.

4. That in all other respects this Court's previous Final Judgment and any previous Orders remain in full force and effect.